# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Doris F. Johnson, ) | Civil Action No.: 3:06-3485-MJP-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| South Carolina Department of Education, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the Court pursuant to a Report and Recommendation submitted by United States Magistrate Judge Bristow Marchant, to whom it was referred for review under 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rules.  This matter was filed by the Plaintiff Doris F. Johnson ("Plaintiff") against her former employer, Defendant South Carolina Department of Education ("Defendant").  Plaintiff alleges that she was discriminated against on the basis of her race when she was not selected for an education associate position offered by the Defendant.  In response, the Defendant filed an answer on January 16, 2007, denying Plaintiff's allegations of racial discrimination.  In addition, Defendant filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on December 12, 2007.  In his June 30, 2008 Report and Recommendation, the Magistrate Judge recommended that the Defendant's motion for summary judgment be denied.  Defendant has filed objections to the Magistrate Judge's Report and Recommendation.

The applicable standard of review for this Court is clear.  The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  Matthews v. Weber,

423 U.S. 261 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. 28 U.S.C. § 636(b)(1)(C). While the level of scrutiny entailed by the Court's review thus depends on whether or not objections have been filed, the Court is free, after review, to accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. Wood v. Schweiker, 537 F. Supp. 660, 661 (D.S.C. 1982).

The Magistrate Judge finds that a sufficient genuine issue of fact has been presented in this case to survive summary judgment. More specifically, the Magistrate Judge finds that the Plaintiff's previous work experience with the Defendant, her qualifications in the area required for the position at issue, and the fact that Plaintiff had both a bachelor's and a master's degree while the person selected did not even meet the minimum requirements for the position at the time she was selected, are sufficient to create a genuine issue of fact as to whether Plaintiff was more qualified for the position than the person selected.

The Defendant filed the following objections to the Magistrate Judge's Report and recommendation, pursuant to Rule 72(b) Fed.R.Civ.P.:

1. The Report and Recommendation is premised upon an improper standard;
2. The Magistrate Judge erred in weighing Hammett and Johnson's relative qualifications;
3. The Department honestly believed Hammett was the more qualified candidate; and
4. The Magistrate Judge failed to account for an inference against discrimination.

The United States Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), set forth a three-part analysis for cases such as this one, where the Plaintiff has not offered any direct evidence of race discrimination in her failure to receive the position at

issue. First, Plaintiff must establish a prima facie case of discrimination, creating a rebuttable presumption that the employer unlawfully discriminated against the Plaintiff. Next, the burden shifts to the employer to show a legitimate, non-discriminatory reason for its actions. Finally, the burden is then back on the Plaintiff to come forward with evidence that the employer's asserted reasons for its actions are a mere pretext for its true discriminatory motives, and that the actions of the employer were really based on Plaintiff's race.

In this case, for the purposes of summary judgment, the Defendant does not contest the establishment by the Plaintiff of her prima facie case. Next, the Defendant has provided sufficient evidence for the Defendant to meet its burden of production to show a legitimate, non-discriminatory reason for its decision to hire another applicant, including the successful applicant's knowledge of bus routing and the laws and regulations relevant to special needs routing. Therefore, in order to survive summary judgment, Plaintiff's evidence must be sufficient to create a genuine issue of material fact as to whether Defendant's proffered reasons for hiring another applicant were mere pretext.

The Magistrate Judge has found that although there is evidence in the record to support Defendant's claim that it had a valid reason for the employment decision taken, considering the evidence in the light most favorable to the Plaintiff, he does not find that "no reasonable trier of fact could conclude" that the successful applicant receiving this job was a result of racial animus. The Magistrate Judge points to Plaintiff's previous employment with the Defendant, Plaintiff's qualifications in this area compared to the application chosen for the job as established by the records in evidence, and the fact that Plaintiff had both a

bachelor's and a master's degree while the applicant chose for the position did not meet the minimum requirements for the job as sufficient to create a genuine issues of fact as whether Plaintiff was more qualified for the position.

This Court has reviewed the complete record in this matter. Upon careful consideration of the pleadings, the evidence of record, the Report and Recommendation, and the objections, the Court concludes that for reasons stated by the Magistrate Judge, the recommendations are approved, and the Defendant's motion for summary judgment is denied.

**IT IS SO ORDERED**.

SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina

October 1, 2008